**Opinion issued August 10, 2023.**



**In The**

# Court of Appeals

**For The**

# First District of Texas

_____

**NO. 01-18-00600-CR**
_____

**KRISTIAN JOSEPH LAFLASH, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 355th District Court**
**Hood County, Texas**
**Trial Court Case No. CR13693**

---

**MEMORANDUM OPINION**

Appellant Kristian Joseph Laflash pleaded guilty to the second-degree felony offense of indecency with a child by sexual contact pursuant to an agreed punishment recommendation from the State. The trial court deferred adjudication of his guilt

and placed Appellant on community supervision for eight years. The trial court certified that Appellant's case was a plea-bargain case, that Appellant had waived his appellate rights, and thus, Appellant did not have a right to appeal. The State, alleging violations of the terms and conditions of his community supervision, later moved to adjudicate Appellant's guilt of the charged offense. After a hearing, the trial court found three allegations true, found Appellant guilty of the charged offense, and assessed his punishment at confinement for eighteen years. Appellant filed the present appeal from the judgment adjudicating his guilt. In two issues, he argued he did not have the mental competency to waive his constitutional rights during his plea hearing or to participate in the hearing to adjudicate guilt.

On December 10, 2020, a different Panel of this Court issued an order holding the trial court abused its discretion by failing to conduct an informal inquiry into Appellant's competency to stand trial during the hearing on the State's motion to adjudicate. The Court abated the appeal and remanded the case to the trial court ordering the trial court to determine whether it was feasible to conduct a retrospective competency inquiry, and, if so, to conduct an informal inquiry into Appellant's competency to stand trial. If the informal inquiry established there was "some evidence from any source . . . that would support a finding that [Appellant] may be incompetent to stand trial," we ordered the trial court to then conduct a

formal competency trial. *Turner v. State*, 422 S.W.3d 676, 692 (Tex. Crim. App. 2013) (quoting TEX. CODE CRIM. PROC. art. 46B.004(c)).

The supplemental clerk's record and reporter's record from the remanded competency proceedings filed in this Court reflect that after a formal competency trial, the trial court found Appellant "was competent to stand trial at the November 2017 plea hearing and [at] the May 2018 adjudication hearing." Because the trial court determined the question of Appellant's competency to stand trial, we lifted the abatement and reinstated the appeal on the Court's active docket on April 6, 2023. We also informed Appellant that his appeal appeared to be moot, thus depriving this Court of jurisdiction. We instructed Appellant that his appeal might be dismissed for want of jurisdiction unless he filed a written response by April 18, 2023, citing relevant portions of the record, statutes, rules, and case law, establishing why this Court has jurisdiction over his appeal.

Appellant did not respond to our April 6, 2023 order. On July 11, 2023, the Clerk of this Court notified Appellant that his appeal was subject to dismissal for want of prosecution unless he filed a response, by no later than July 27, 2023, to our April 6, 2023 order. *See* TEX. R. APP. P. 42.3(b) (stating court may dismiss appeal for want of prosecution); *id.* 42.3(c) (stating court may dismiss appeal if appellant "has failed to comply with . . . a notice from the clerk requiring a response or other action within a specified time"). To date, Appellant has not filed a response.

3

We dismiss this appeal for want of prosecution and for failure to respond to notices from this Court. *See id.* 42.3(b), (c).

**PER CURIAM**

Panel consists of Justices Goodman, Rivas-Molloy, and Guerra.